UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION
_____

**BUILDING TRADES UNITED PENSION TRUST FUND
AND SCOTT REDMAN (in his capacity as Trustee),**

        **Plaintiffs,**

  v.

**CONCRETE STRUCTURES, INC.,**                 Case No. 19-cv-1649

        **Defendant.**
_____

## COMPLAINT
_____

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Christopher J. Ahrens, and as and for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdiction and Venue

1. Jurisdiction of this Court upon Concrete Structures, Inc. is founded upon Section 502 of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") (29 U.S.C. § 1132), in that the Plaintiffs are aggrieved by said Defendant's violation of a collective bargaining agreement, trust plans and trust agreements, and said Defendant's continued refusal to abide by the terms of those plans and agreements, thereby violating provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e) (2)) in that Plaintiff Building Trades United Pension Trust Fund is administered in Waukesha County, Wisconsin.

**Parties**

3. Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of §§ 3(1), (2), (3), and (37), 502, and 515 of ERISA, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said plan. Said plan maintains offices at 500 Elm Grove Road, Elm Grove, WI 53122.

4. Plaintiff Scott Redman is a Trustee and a fiduciary of the Building Trades United Pension Trust Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Scott Redman maintains an office at 11175 West Parkland Avenue, Milwaukee, Wisconsin 53224.

5. Defendant Concrete Structures, Inc. (hereinafter "Concrete Structures") is a domestic corporation incorporated and organized under the law of the State of Wisconsin, engaged in business with principal offices located at 3006 Bond Place, Janesville, Wisconsin. The registered agent for service of process is Michael J. Ryan, 3006 Bond Place, Janesville, Wisconsin 53224.

-2-

**Facts**

6. Concrete Structures, Inc. is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5),(11),(12) and (14) (29 U.S.C. §§ 1002(5),(11),(12) and (14)).

7. For all times relevant, Concrete Structures, Inc. was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the Chicago Regional Council of Carpenters (the "Union").

8. The Labor Agreements described herein contain provisions whereby Concrete Structures, Inc. agreed to make timely payments to the Plaintiff's trust funds for each employee covered by said Labor Agreements.

9. By execution of said Labor Agreements, Concrete Structures, Inc. adopted the trust agreements and amendments thereof which establish and govern the Plaintiff and are necessary for their administration, and designated as its representatives on the board of trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

10. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, Concrete Structures, Inc. has agreed as follows:

a. to file monthly reports and make timely and prompt contributions to the Funds for each employee covered by the aforementioned Labor Agreements;

b. to designate, and accept as its representatives, the Trustees named in the declaration of trust and their successors;

c. to adopt and abide by all of the rules and regulations adopted by the Trustees of the Funds pursuant to the trust agreements;

d. to adopt and abide by all of the actions of the Trustees in administering the Funds in accordance with the trust agreements and the rules so adopted;

e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

f. to pay, in addition to delinquent contributions, interest and liquidated damages, actual attorney fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

11. Concrete Structures, Inc. has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

a. failing to make continuing and prompt payments to the Funds as required by the Labor Agreements and trust agreements for all of Concrete Structures, Inc. covered employees; and

b. failing to accurately report employee work status to the Plaintiffs.

12. ERISA § 502(g) (2), as amended by the MPPAA provides:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of --

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

13. ERISA § 515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

14. Despite demands that Concrete Structures, Inc. perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has wholly failed, neglected, omitted and refused to allow access to the Fund's auditor to determine whether Defendant has made its required payments. Concrete Structures, Inc. is now indebted to the Plaintiff as follows:

**Audit Period:  January 1, 2017 through December 31, 2018:**

Building Trades United Pension Trust Fund                                             $82,779.39

### Claim One Against Defendant Concrete Structures, Inc.
### Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132, 1145)

15. As and for a first claim for relief against Concrete Structures, Inc. Plaintiffs reallege each and every allegation contained in paragraphs 1 through 14 above and incorporate the same as though fully set forth herein word for word.

16. For purposes of this claim (Claim One), the Building Trades United Pension Trust Fund is hereinafter referred to as the "Pension Fund."

17. Due demand has been made by the Pension Fund upon Concrete Structures, Inc. for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

18. Because, as the Pension Fund is informed and believes, Concrete Structures, Inc. has not made timely and prompt contributions on behalf of all covered employees, the corpus of the Pension Fund's trust funds is reduced, the Pension Fund's income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Pension Fund's employee

-6-

Case 2:19-cv-01649-PP   Filed 11/08/19   Page 6 of 8   Document 1

benefit plans have been violated, and the Pension Fund is entitled to all of the remedies provided by ERISA.

19. Because Concrete Structures, Inc. has failed to make timely and prompt contributions, some of the Pension Fund's beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, the Pension Fund demands the following relief:

1. Judgment on behalf of the Pension Fund and against Concrete Structures, Inc. as follows:

   A. For $82,779.39 representing contributions, interest and liquidated damages due the Pension Trust Fund for the audit period January 1, 2017 through December 31, 2018;

   B. For unpaid contributions, interest and liquidated damages owed to the Pension Fund for the period October 1, 2015 through the date this action was commenced;

   C. For contributions, interest and liquidated damages owed to the Pension Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

   D. Actual attorney fees and the costs of this action.

2. For such other, further or different relief as the court deems just and proper.

Dated this 8th day of November, 2019.

        s/Christopher J. Ahrens
        Christopher J. Ahrens (SBN1043237)
        The Previant Law Firm, S.C.
        310 West Wisconsin Avenue, Suite 100MW
        Milwaukee, WI 53203
        414-203-0514 (Telephone)
        414-271-6308 (Fax)
        Email: cja@previant.com

        Attorneys for Plaintiffs